STATE TREASURER, *for use and benefit of the* STATE, *v.*
CAPITAL NATIONAL BANK OF LANSING.

1. DEPOSITARIES—STATE FUNDS—CONSTRUCTION OF SURETY BOND.
    Bond of surety of national bank, a depository of State funds,
    which agreed to pay to State treasurer or his successor such
    funds as were deposited with the bank in accordance with de-
    pository agreement obligated the surety beyond the term of the
    incumbent State treasurer during whose term the bond was
    given where bank was continued as depository of surplus State
    funds by successor who thereafter made deposits and with-
    drawals (1 Comp. Laws 1929, § 348).

2. SAME—NOTICE OF TERMINATION OF SURETY BOND.
    Liability attached to surety on depository bond to State treasurer
    providing that liability thereunder should cease at expiration
    of 30 days where notice was given on January 13th and bank
    is stipulated to have defaulted prior to February 13th (1
    Comp. Laws 1929, § 348).

3. SAME—INTEREST—PRINCIPAL AND SURETY.
    Rate of interest on deposits, as fixed by depository contract rel-
    ative to State funds, governs obligation of both principal
    and surety in State treasurer's action to have recovery (1
    Comp. Laws 1929, § 348).

4. SAME—"FIRST IN, FIRST OUT"—REDESIGNATION BY SUCCESSOR
    OFFICER.
    Doctrine that first money in was the first money paid out by
    obligor, depository of State funds which had been redesignated
    as depository without new surety bonds having been executed
    and new deposits and withdrawals made, *held,* inapplicable
    where surety's obligation continued beyond term of office of
    State treasurer under whom original designation was made (1
    Comp. Laws 1929, § 348).

5. COSTS—PUBLIC QUESTION—LIABILITY UNDER BONDS OF DEPOSI-
    TORIES OF STATE FUNDS.
    In proceeding by State treasurer to determine liability under
    bonds given to secure deposits of State funds in a national

bank which had been designated as depository by one State treasurer and redesignated by his successor in office, in which the surety appealed and the State treasurer cross-appealed with reference to interest, but later waived it, and in which a public question was involved, no costs are awarded.

Appeal from Ingham; Carr (Leland W.), J.  Submitted October 14, 1938.  (Docket No. 100, Calendar No. 40,268.)  Decided December 22, 1938.  Rehearing denied February 1, 1939.  Reconsideration denied April 25, 1939.

Bill by Theodore I. Fry, as Treasurer of the State of Michigan, for the use and benefit of the State of Michigan, against Capital National Bank of Lansing and its receiver, Joseph W. Gleason, Central West Casualty Company and its custodian, Charles E. Gauss, Commissioner of Insurance, and others to determine sums due on bank depository bonds and for other relief.  Decree for plaintiff.  Defendants Central West Casualty Company and its custodian appeal.  Plaintiff cross-appeals.  Cross-appeal withdrawn.  Affirmed.

*Raymond W. Starr,* Attorney General, *Edmund E. Shepherd* and *Edward A. Rakow,* Assistants Attorney General, for plaintiff.

*Walter I. McKenzie,* for defendants Central West Casualty Company and Charles E. Gauss, custodian.

*Shields, Ballard, Jennings & Taber,* for defendants Capital National Bank of Lansing and Joseph W. Gleason, receiver.

WIEST, C. J.  February 13, 1932, in accordance with the provisions of 1 Comp. Laws 1929, § 348 (Stat. Ann. § 3.691), Howard C. Lawrence, treasurer of the State of Michigan, by agreement to such

effect, designated the Capital National Bank of Lansing a depository for surplus State funds. As such depository the bank gave three bonds, aggregating $600,000, with the Central West Casualty Company surety thereon, with the condition in each bond to—"pay over upon demand all moneys belonging to the said State of Michigan, and deposited with it by the said State treasurer in accordance with the said contract, to the said State treasurer, his successor or successors in office, or to any other person lawfully entitled to receive the same."

The bonds also provided:

"It is mutually understood and agreed between the parties hereto that if the said surety shall so elect its liability for future actions or omissions of said principal may be terminated by giving 30 days' notice in writing to the said Howard C. Lawrence, as treasurer as aforesaid, or his successor or successors in office, and a like notice to the secretary of State and auditor general of said State; and the liability of said surety for the future actions or omissions of said principal shall cease at the expiration of said 30 days, the said surety remaining liable for all or any acts of commission or omission covered by this bond or said contract up to and including the date of expiration of said 30 days' notice."

It is stipulated that:

"The Capital National Bank of Lansing was open for the regular conduct of ordinary business on Saturday, February 11, 1933, until 12:30 p. m., but, on Tuesday, February 14, 1933, following the holiday of Lincoln's birthday, it failed to reopen for the unrestricted transaction of all business, because of the proclamation of the governor of the State of Michigan of February 14, 1933; the concurrent resolution of the senate and house of representatives of the State of Michigan, number 23, adopted Febru-

ary 20, 1933; the proclamation of the governor of the State of Michigan dated February 23, 1933; and an enactment of the legislature of the State of Michigan, known as Act No. 47, Pub. Acts 1933 (Stat. Ann. § 23.411), effective April 7, 1933; and an enactment of the legislature of the State of Michigan, known as Act No. 73, Pub. Acts 1933 (Stat. Ann. § 23.421), effective May 6, 1933; proclamation No. 2039 of the president of the United States, dated March 6, 1933 (see note to 12 USCA, § 95); proclamation No. 2040 of the president of the United States, dated March 9, 1933; executive order No. 6073, dated March 10, 1933 (see note to 12 USCA, § 95); Federal legislation being 48 Stat. at L. 2, § 4 (12 USCA, § 95). After 12:30 p. m. of February 11, 1933, the said bank never reopened for the unrestricted transaction of business.''

January 1, 1933, Theodore I. Fry became State treasurer, as successor of Howard C. Lawrence, and the pivotal question is whether the bonds obligated the surety thereon beyond the term of office of Mr. Fry's predecessor.

The terms of the bonds answer the question in the affirmative, and there is no admissible reasoning to the contrary. The bonds expressly provide for accountability to the then ''State treasurer, his successor or successors,'' and, in case the surety cared to be released from future default of the bank it was provided that such should not be accomplished until after 30 days' notice in writing to the treasurer, or his successor or successors in office, as well as to the secretary of State and the auditor general.

Mr. Fry, by agreement with the bank on January 3, 1933, continued the bank as depository of surplus funds and, as treasurer, deposited and withdrew moneys.

Notice of termination of liability was given by the surety on January 13, 1933, but it is stipulated that

default of the principal, the bank, occurred prior to February 13th and, therefore, it must be held that liability had attached before the notice of termination became effective.

Counsel for the surety company cite cases relative to the construction of surety obligations and undertakings but, as said before, the purpose expressed in the bonds here involved is too plain to admit of any other meaning than that so clearly stated therein.

The depository contract fixed the rate of interest on the deposits and such rate governs the obligation of both principal and surety in an action to have recovery. *Lawrence* v. *American Surety Co.,* 263 Mich. 586 (88 A. L. R. 535).

After January 1, 1933, Mr. Fry, as State treasurer, entered into a depository contract with the bank, without new bonds, and made deposits and withdrawals and the surety invokes the doctrine of "first in, first out." The doctrine is wholly inapplicable under our holding herein.

Full recovery of the deposits, less withdrawals, within the penal sums of the bonds and their *pro rata* clauses is adjudged and the declaratory judgment in the circuit court, being in line with this opinion, is affirmed.

Defendant surety company having appealed and the plaintiff State treasurer having filed a cross-appeal with reference to interest and now waiving the same, and a public question being involved, neither party will recover costs.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.